Robert Tauler (SBN 241964)
robert@taulersmith.com
Narain Kumar, Esq. (SBN 301533)
nkumar@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Anna Orr*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNA ORR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>PRIME TIME HEALTHCARE LLC, a Nebraska limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW (CAL. PENAL CODE § 638.51)** |

COMPLAINT

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen of a different State or subject of a foreign state.

2. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly engaging with individuals in California through its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

## PARTIES

4. Plaintiff Anna Orr ("Plaintiff") is, and at all times relevant to this complaint has been, a citizen of California residing and located within the Central District of California.

5. Defendant Prime Time Healthcare LLC ("Defendant" or "Prime Time") is a Nebraska limited liability company with its principal place of business at 1325 J St., Suite 1550, Sacramento, CA 95814.

COMPLAINT

1

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

**FACTUAL ALLEGATIONS**

8. Prime Time Healthcare LLC is the proprietor of www.primetimehealthcare.com, an online platform that offers staffing services for healthcare workers.

9. Defendant installed on its Website software created by TikTok in order to identify website visitors (the "TikTok Software"). Plaintiff visited Defendant's website on October 7, 2024, after the TikTok Software was installed and within the limitations period established by statute.

10. The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

COMPLAINT
2

11. The TikTok Software gathers device and browser information, geographic information, referral tracking, and URL tracking by running code or "scripts" on the Website to send user details to TikTok.

12. The TikTok Software begins to collect information the moment a user lands on the Website.

13. Additionally, since Prime Time has decided to use TikTok's "Auto Advanced Matching" technology, TikTok scans every website for information, such as name, date of birth, and address, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted.

14. The TikTok Software runs on virtually every page of Prime Time's website, sending to TikTok images of every website user's interest in Defendant's services. An image of the code, as it appears side by side (and simultaneously) with the TikTok Auto Advanced Matching tracking code Prime Time has placed on the page, can be seen here:



COMPLAINT

3

15. The Prime Time website instantly sends communications to TikTok whenever a user lands on the website and every time a user clicks on a page. In the examples below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior.



16. CIPA defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c).

17. The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

18. The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed solely to meet this objective.

19. Defendant did not obtain Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

20. The California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 *et. seq.*, imposes civil liability and provides for statutory damages for the installation of trap and trace software without a court order. *Id.* §§ 637.2, 638.51; *see Moody v. C2 Educ. Sys. Inc.*, No. 2:24-CV-04249-RGK-SK, 2024 WL 3561367 (C.D. Cal. July 25, 2024) (holding that TikTok Software was properly alleged to be a trap and trace device because it communicates over the internet and the statutory definition of a trap and trace device expressly covers "wire communication" and "electronic communication" and is not limited to telephone lines).

21. Defendant did not obtain Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class") defined as follows:

> **All persons within California whose identifying information was sent to TikTok as a result of visiting the Website within the limitations period.**

23. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

24. COMMONALITY: Common questions of fact and law exist as to all Class Members and predominate over any questions affecting only individual

members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

  a. Whether Defendant installed the TikTok Software on the Website;

  b. Whether Defendant the TikTok Software is a trap and trace process as defined by California law;

  c. Whether Plaintiff and Class Members are entitled to statutory damages;

  d. Whether Class Members are entitled to injunctive relief; and

  e. Whether Class Members are entitled to disgorgement of unlawfully obtained data.

25. **TYPICALITY:** As a person who visited Defendant's Website and whose personal information was fingerprinted and de-anonymized by TikTok, Plaintiff is asserting claims that are typical of the Class.

26. **ADEQUACY:** Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

27. **SUPERIORITY:** A class action is superior to other available methods of adjudication because individual litigation of the claims of each Class Member is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed and address identical issues.

# FIRST CAUSE OF ACTION

## Violations of California Trap and Trace Law

## Cal. Penal Code § 638.51 (the "California Trap and Trace Law")

28. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

29. The California Trap and Trace Law provides that "a person may not install or use…a trap and trace device without first obtaining a court order…." Cal. Penal Code § 638.51(a).

30. A "trap and trace device" is defined as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." *Id.* § 638.50(c).

31. Defendant uses a trap and trace process by deploying the TikTok Software on its Website because the TikTok Software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is designed precisely to identify the source of the incoming electronic and wire communications to the Website in violation of the California Trap and Trace Law. Defendant also did not obtain consent from Plaintiff or any of the Class Members before using trap and trace technology to identify visitors of its Website.

32. CIPA imposes civil liability including statutory damages for violations of the California Trap and Trace Law. Cal. Penal Code § 637.2; *see also C2 Educ. Sys. Inc.*, 2024 WL 3561367.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class against Defendant on the cause of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein, disgorgement of unlawfully obtained data, and any other injunctive relief that the Court finds proper;

5. Statutory damages pursuant to CIPA;

6. Reasonable attorneys' fees and costs; and

7. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: April 2, 2025                    TAULER SMITH LLP

                                        By:   */s/ Robert Tauler*
                                              Robert Tauler, Esq.
                                              *Attorney for Plaintiff*
                                              *Anna Orr*

# **DEMAND FOR JURY TRIAL**

Plaintiff Anna Orr hereby demands a trial by jury.

DATED: April 2, 2025              TAULER SMITH LLP

                          By:    */s/ Robert Tauler*
                                 Robert Tauler, Esq.
                                 *Attorney for Plaintiff*
                                 *Anna Orr*